People v Lee (2020 NY Slip Op 06664)





People v Lee


2020 NY Slip Op 06664


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1014 KA 16-00961

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RODNEY LEE, DEFENDANT-APPELLANT. 






THOMAS J. EOANNOU, BUFFALO, FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIELLE E. PHILLIPS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered January 13, 2016. The judgment convicted defendant upon a jury verdict of robbery in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [b]). Defendant contends that reversal is required because he did not waive his right to testify at trial. While acknowledging that a court has no obligation to advise a defendant of his or her right to testify, defendant nevertheless contends that County Court should have engaged in a colloquy with defendant on the subject, and that it can be reasonably concluded that defense counsel, not defendant, made the decision not to have defendant testify. We reject those contentions. First, the record does not support defendant's contention that the decision not to testify was made by defense counsel, not defendant (see generally Jones v Barnes, 463 US 745, 751 [1983]; People v Ferguson, 67 NY2d 383, 390 [1986]). When the parties returned to the courtroom after a recess and after the People had rested, defense counsel informed the court that he had "talked to my client and defense will rest." Second, the court had no obligation to ensure that defendant's failure to testify was the result of defendant's voluntary and intelligent waiver of his right to testify (see People v Richards, 177 AD3d 1280, 1282 [4th Dept 2019], lv denied 35 NY3d 994 [2020]). This case "does not present any of the exceptional, narrowly defined circumstances in which judicial interjection through a direct colloquy with the defendant [would] be required to ensure that the defendant's right to testify is protected" (People v Madigan, 169 AD3d 1467, 1469 [4th Dept 2019], lv denied 33 NY3d 1033 [2019] [internal quotation marks omitted]; see People v Calkins, 171 AD3d 1475, 1476 [4th Dept 2019], lv denied 33 NY3d 1067 [2019]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Finally, the sentence is not unduly harsh or severe.
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court